**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN SANDOVAL, | No. 08-70332 |
| Petitioner, | Agency No. A076-857-281 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Martin Sandoval, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for cancellation of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges, *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Sandoval failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Sandoval's contentions that the IJ violated his due process rights by discounting some of his evidence of hardship and by failing to consider the evidence in the aggregate are not supported by the record and do not amount to colorable constitutional claims. *See id.* (court lacks jurisdiction over abuse of discretion challenges cloaked as constitutional questions).

Sandoval's right to due process was not violated when the IJ permitted his former counsel to withdraw his application for asylum in favor of an application for cancellation of removal. *See Munoz*, 339 F.3d at 955 (explaining that counsel's withdrawal of an application did not constitute a due process violation where applicant failed to demonstrate eligibility for form of relief). Sandoval's contention that his former counsel provided ineffective assistance by filing an asylum application in order to trigger the initiation of removal proceedings also fails. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004).

Sandoval's remaining contentions are not supported by the record.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**